IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| CARSON R., <br><br> Plaintiff, <br><br> vs. <br><br> MARTIN O'MALLEY, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. 1:23-cv-00089-CMR <br><br> MEMORANDUM DECISION AND ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION <br><br> Magistrate Judge Cecilia M. Romero |

All parties in this case have consented to the undersigned conducting all proceedings (ECF 11). 28 U.S.C. § 636(c). Plaintiff Carson R. (Plaintiff), pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) under Title II of the Social Security Act (Act). The court heard argument in this matter on July 9, 2024 (ECF 37). After careful review of the entire record (Certified Administrative Record (Tr.), ECF 12), the parties' briefs (ECF 18, 24, 27, 36), and as set forth at the hearing, the undersigned concludes that the Commissioner's decision is supported by substantial evidence and free from reversible error. For the reasons stated on the record at the hearing and as discussed below, the court hereby DENIES Plaintiff's Motion for Review of Agency Action (ECF 18) and AFFIRMS the decision of the Commissioner.

I.   BACKGROUND

Plaintiff was 50 years old on his disability onset date of March 24, 2015 (Tr. 115). Plaintiff filed his application for DIB on March 10, 2020, alleging disability due to organic brain syndrome,

anxiety, posttraumatic stress disorder (PTSD), nerve damage, neck, shoulder, knee surgeries, left heel issues, Sjorgen's syndrome, rheumatoid arthritis, diabetes, and depression (*id.* at 115–16).

The Administrative Law Judge (ALJ) followed the Commissioner's five-step sequential evaluation process for disability claims. *See* 20 C.F.R. § 404.1520(a)(4). In a decision dated November 29, 2022, the ALJ determined at step two which of Plaintiff's numerous alleged impairments were severe[1] and non-severe[2] (Tr. 24). At step three, the ALJ considered Plaintiff's impairments under Listings 1.15, 1.16, 1.18, 11.14, 11.18, and 14.09, finding the criteria were not met (*id.* at 26). The ALJ also considered Plaintiff's mental impairments under Listings 12.02, 12.04 and 12.06, finding mild limitations understanding, remembering, or applying information; and in interacting with others; and moderate limitations in concentrating, persisting, or maintaining pace; and adapting or managing oneself (*id.* at 28–29).

The ALJ next determined Plaintiff had the residual functional capacity (RFC) to perform light work with additional limitations (*id.* at 30–42). The ALJ found at step four that, given this RFC, he was not able to perform past relevant work (*id.* at 42). Consistent with vocational expert

---

[1] Plaintiff's severe impairments include: Diabetes Mellitus Type II, Peripheral Neuropathy, Obesity, Cervical Spine Degenerative Disc Disease, Lumbar Spine Degenerative Disc Disease, Erosive Rheumatoid Arthritis, Osteoarthritis of the Left Ankle and Bilateral Feet, Right Shoulder Partial Thickness Rotator Cuff Tear, Tendinosis, Acromioclavicular Arthrosis and Impingement, Left Shoulder Impingement, Right Wrist Ganglion Cyst and Osteoarthritis, Bilateral Knee Osteoarthrosis with Degenerative Medial Meniscus Tear of the Left Knee, Trigger Finger Status Post Release (Left Index and Left Small Fingers), Chronic Pain Disorder, Neurocognitive Disorder, Organic Brain Syndrome vs. Traumatic Brain Injury, Anxiety Disorder, Depressive Disorder, and Tension Headaches (Episodic).

[2] Plaintiff's non-severe impairments include: Right Fourth and Fifth Finger Triggering, Right Knee Medial Meniscus Tear, Right Knee Popliteal Tendonitis, Left Tennis Elbow, Arthrofibrosis/Labral Tear (Right Shoulder), Left Elbow Lateral Epicondylitis and Cubital Tunnel Syndrome, Right Knee Lateral Meniscus Tear, Migraines with Aura, Bilateral Carpal Tunnel Syndrome and Cubital Tunnel Syndrome Status Post Releases, Left Elbow Osteoarthritis, Raynaud's Syndrome, Hypertension, Dyslipidemia/Hyperlipidemia, Myopia, Astigmatism and Presbyopia, Colon Polyps, Diverticulosis, Seborrheic Keratosis, Vitamin B12 Deficiency, Livedo Reticularis, Eosinophilic Esophagitis, Colon Polyp, Vitamin D Deficiency, Hypogonadism, Actinic Keratosis, Anemia, H. Pylori Infection, Hamstring and Medial Gastric Strain, Deltoid, Biceps and Wrist Extensor Muscle Contusion and Strain, Obstructive Sleep Apnea, and Peptic Ulcer.

testimony, the ALJ found at step five that Plaintiff could perform jobs existing in significant numbers in the national economy, including marker, routing clerk, and cashier II, which are light unskilled work (*id.* at 44). The ALJ therefore concluded that Plaintiff was not disabled and denied disability benefits (*id.* at 45). The Appeals Council then denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. §§ 404.981, 422.210(a). This appeal followed.

## II.     STANDARD OF REVIEW

The scope of the court's review of the Commissioner's final decision is specific and narrow. As the Supreme court recently reiterated, "[o]n judicial review, an ALJ's factual findings . . . 'shall be conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (quoting 42 U.S.C. § 405(g)). The threshold for evidentiary sufficiency under the substantial evidence standard is "not high." *Id.* at 103. Substantial evidence is "more than a mere scintilla"; it means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Under this deferential standard this court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). In reviewing under sentence four of 42 U.S.C. § 405(g), a court must affirm if the ALJ's decision is supported by substantial evidence and the correct legal standards were used, even if the court believes the evidence is "equivocal." *Nguyen v. Shalala*, 43 F.3d 1400, 1403 (10th Cir. 1994).

## III.     DISCUSSION

Plaintiff argues the ALJ erred in evaluating the opinions of state agency doctors, Dr. Cohn and Dr. Stevens. Under the revised 2017 regulations applicable here, the ALJ considers the persuasiveness of medical opinions using five factors: supportability, consistency, relationship

3

with the claimant, specialization and other factors such as a medical source's familiarity with other evidence in the claim. 20 C.F.R. § 416.920c(c). The regulations provide that the agency will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinions including those from the claimant's own medical sources. *Id.* § 416.920c(a).

    A.    Dr. Cohn

Plaintiff first argues the ALJ erred in determining that a portion of state agency psychological consultant Dr. Cohn's opinion was unpersuasive and by failing to provide "good reasons" for doing so. As explained by the Commissioner, the 2017 regulatory revisions eliminate the treating physician rule and good reasons articulation standards. *Nielsen v. Comm'r, SSA*, No. 21-4136, 2022 WL 15570650, at *5 (10th Cir. Oct. 28, 2022) (contrasting the 2017 regulatory revisions with the predecessor's requirement of "good reasons"). The ALJ in this case properly applied the standards under the 2017 regulations.

The ALJ explained that it did not adopt Dr. Cohn's findings that Plaintiff's ability to relate to the public, accept supervision and deal appropriately with criticism, and get along with coworkers was limited to small group or individual interaction because it was not persuasive (Tr. 38–39). The ALJ used the supportability and consistency factors to explain why this limitation was not persuasive given inconsistencies in the record evidence relating to Plaintiff's daily activities and mood. The ALJ noted that Plaintiff interacted with treatment providers, family, worked in a flower shop and had a partner, went to the gym and went to a busy store, went to a hot spring, traveled to Wendover, and went on vacation (*id.* at 36, 39). The ALJ's conclusion that these activities would involve more than small or individual interaction was reasonable and supported by substantial evidence. *Allman v. Colvin*, 813 F.3d 1326, 1333 (10th Cir. 2016) ("In short, the record contains support for both the notion that [the claimant] had extreme deficiencies in

concentration, persistence and pace and the notion that his mental limitations are not that severe. The ALJ was entitled to resolve such evidentiary conflicts and did so.").

Plaintiff also argues the ALJ failed in providing a more detailed narrative discussion of Dr. Cohn's opinion in light of other specific medical opinions. The court rejects Plaintiff's attempt to impose a higher comparison or articulation requirement than what is required by the regulations. This is supported by the supplemental authority provided by the Commissioner: *Harrison v. Commissioner, SSA*, No. 22-4108, 2024 WL 1856553 (10th Cir. April 29, 2024). In *Harrison*, the court explained that "[t]he text of § 416.920c provides the agency 'will explain how we considered the . . . consistency facto[r],' but it does not appear to more specifically require an explanation of whether any one source's opinion was consistent with that of another individual source." *Id.* at *4 (quoting 28 C.F.R. § 416.920c(b)(2)). The court finds that the ALJ properly evaluated Dr. Cohn's opinion and the record evidence under the applicable regulatory framework.

B. Dr. Stevens

Plaintiff next argues Dr. Stevens' findings were not supported by substantial evidence because he did not discuss Plaintiff's lumbar back impairment or an imaging report. The court finds that the ALJ and Dr. Stevens did adequately consider these issues. Specifically, Dr. Stevens' opinion demonstrates that, in support of external limitations, he referenced "FOFAE 426," which is the findings of fact and analysis of evidence section of the disability determination that directly references Plaintiff's back impairment and imaging (Tr. 153–54). While Dr. Stevens did not conduct this assessment as appropriately noted by Plaintiff, he does reference it as a basis for his findings (*id.* at 160–62). Consistent with that, the ALJ also found with respect to the lumbar spine that there was evidence of the claimant complaining of lower back pain and then, again, a specific reference to the 2020 imaging which the ALJ said showed some deficiencies such as degenerative

5

changes and at least some nerve root impairment (*id*. at 33). Hence, the issue was considered by Dr. Stevens and the ALJ.

Moreover, the ALJ's findings are supported by substantial evidence because the ALJ properly considered Dr. Stevens' opinion and the record evidence under the applicable regulations. As noted by the Commissioner, there is no requirement that the ALJ only determine that prior administrative medical findings are persuasive if they include a discussion of every piece of evidence in the record. *See Neal v. Comm'r, SSA*, 782 F. App'x 722, 725 (10th Cir. 2019) ("Even if the [state agency doctor] had relied on outdated records, the administrative law judge properly relied on four other categories of evidence when assessing [the claimant's] residual functional capacity . . . .").

The court declines Plaintiff's invitation to reweigh Dr. Stevens' opinion, given that the record does not support additional limitations in Plaintiff's RFC. Therefore, there is no reversible error in reference to the ALJ's evaluation of Dr. Stevens' opinion or the ALJ's RFC determination. The ALJ complied with the regulatory framework and its evaluations of the pertinent medical opinions are supported by substantial evidence. There is, therefore, no reversible error in the ALJ's RFC determination, and the ALJ's decision is affirmed.

## IV. CONCLUSION AND ORDER

Because the ALJ's decision is supported by substantial evidence and legally sound, it is AFFIRMED.

DATED this 26 September 2024.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah